UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Jerilynn Vaughn Knight | ) | Cause No. 1:16-cv-554 |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Viking Client Services, Inc. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND WILLFUL VIOLATION OF DISCHARGE INJUNCTION**

INTRUDUCTION

1) This is an action for actual damages, statutory damages, punitive damages, emotional distress, and legal fees and expenses for the improper and illegal actions and conduct of Viking Client Services, Inc., whose actions and conduct are in direct violation of the Automatic Stay pursuant to 11 U.S.C §362 and the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692(f).

JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3) Venue in this district is proper under 28 U.S.C. § 1391(b) in that the conduct complained of occurred here.

PARTIES

4) The Plaintiff is a natural person presently residing in Indianapolis, Marion County, Indiana (Hereinafter "Plaintiff").

5) Viking Client Services, Inc., is a Minnesota based corportaion that acts a debt collector as defined by §1692a of the Fair Debt Collection Practices Act (FDCPA) as it regulary uses the mail and/or telephone to collect, or atempt to collect debts.

## FACTS

6) The Plaintiff filed a Chapter 7 Bankruptcy case on July 14, 2015 under case number 14-06539-JKC-7 in the United States Bankruptcy Court, Southern District of Indiana, Indianapolis Division - referred to as the "Petition Date."

7) PNC Bank was duly listed as a creditor in the Plaintiff's bankruptcy Voluntary Petition and Schedules as an unsecured creditor with a proper mailing address stated thereon. (See Exhibit A)

8) On or about July 16, 2014 the Clerk of the United States Bankruptcy Court for the Southern District of Indiana sent written notice of the commencement of the Chapter 7 case to PNC Bank.

9) The Deadline to file a Complaint to Determine Nondischargeability of Debt in the above referenced bankruptcy case was October 27, 2014.

10) PNC Bank did not file an objection or complaint to contest the dischargeability of their debt.

11) On October 28, 2014 the United States Bankruptcy Court for the Southern district of Indiana issued a Discharge Order in the Plaintiff's bankruptcy case. (See Exhibit B)

12) At Some point, in early 2015, Viking Client Services, Inc. obtained the collection rights to the discharged PNC Bank debt.

13) On July 29, 2015 Viking Client Services, Inc. contacted the credit reporting agency, TransUnion, and requested an account review inquiry relating to the Plaintiff and the PNC Bank debt. The report obtained by Viking Client Services, Inc. included public records, employment, and contact information for the debtor. The public records section of this report listed the plaintiffs Chapter 7 bankruptcy filing and discharge.

14) On August 17, 2015 Viking Client Services, Inc. mailed a letter to the Plaintiff demanding payment relating to the PNC Bank debt.

15) On October 17, 2015 Viking Client Services, Inc. mailed another letter to the Plaintiff demanding payment relating to the PNC Bank debt.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16) Debtor incorporates herein rhetorical paragraphs 1-15 of his complaint as if fully set forth below.

17) Viking Client Services, Inc. is a "Debt Collector" as defined by 15 U.S.C. §692(a)(6)

18) Viking Client Services, Inc. attempted to collect an alleged "debt" as defined by 15 U.S.C. §1692(a)(5).

19) Viking Client Services, Inc. attempt to collect a debt are in violation of 15 U.S.C. §1692(e)(2)(A)

20) The Two letters sent to the Plaintiff by Viking Client Services, Inc. are an attempt to collect a discharged debt and are in violation of 15 U.S.C. § 1692(f) in that they have used unfair or unreasonable means to collect or attempt to collect on the debt.

WHEREFORE, the Plaintiff, by counsel, requests the Court enter a judgment against Viking Client Services, Inc. for statutory damages, actual damages, attorney fees and costs, and all other

just and proper relief.


<u>COUNT II – WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION</u>

21)  The Plaintiffs incorporate herein rhetorical paragraphs 1-20 of her complaint as if fully
set forth below.

22)  Viking Client Services, Inc. purchased or otherwise received by transfer the discharged
PNC Bank debt and without proper due diligence initiated collection actions against the
Plaintiff and made illegal demands for payment.

23) The collection efforts of the Defendant are a direct violation of 11 U.S.C. §§ 524(a)(2)
and 1328.

24) The Plaintiff alleges that the Defendant willfully continued to attempt to collect a debt in
gross violation Bankruptcy Court's discharge injunction as set forth under 11 U.S.C. §§
524(a)(2) and 1328.

25) The Defendant's actions undermine the authority of Bankruptcy Court and impair the
Plaintiffs' ability to obtain a fresh start after being granted a Chapter 7 Discharge.

26) As a result of their violation of 11 U.S.C. §§ 524(a)(2) and 1328, the Defendant is liable
for actual damages, punitive damages, attorney fees, and costs under 11 U.S.C. § 105.

WHEREFORE, Debtor by counsel, requests a judgment against the Defendant, Viking Client

Services, Inc., for punitive damages, attorney fees and costs, and for all other just and proper

relief.


By: <u>/s/ Andrew Sawin</u>
Sawin, Shea & Des Jardines LLC

Attorneys for Debtor(s)
6100 N KEYSTONE AVE STE 620
INDIANAPOLIS IN  46220-2430
ecf@sawinlaw.com